UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOC JOHNSON, | ) | Case No.: 4:04 CV 2447 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| GUARDS MARK SECURITY, *et al.,* | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Pending before the court is the Motion to Quash filed by Defendants Guardsmark, LLC ("Guardsmark") and Gary Thompson ("Thompson") (together, "Defendants"). (ECF No. 41.) Defendants seek to quash the subpoenas *duces tecum* issued on April 7, 2006, to several of Thompson's prior employers, including the Borough of Jamestown Police Department, the Shenago Township Police Department, Phil Fritts Ford & Mercury, Warren Nissan Mazda Subaru, Lou Wollam Lincoln Mercury, and USA Meridian, requesting Thompson's personnel files. Defendants also seek to quash the subpoena issued upon Sodexho on the same date, seeking production of the agreement for security services with Guardsmark. For the following reasons, Defendants' Motion is granted.

**A. Standing**

Plaintiff Doc Johnson ("Plaintiff") argues that Defendants lack standing to challenge Plaintiff's subpoenas. The Sixth Circuit has observed that "[o]rdinarily, a party has no standing to

seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Mann v. University of Cincinnati*, 1997 U.S. App. LEXIS 12482 * 13 (6th Cir. 1997) (quoting 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995)); *see also United States v. Phibbs*, 999 F.2d 1053 (6th Cir.1993).

Defendants maintain that Thompson does have standing, as he has a "personal right or privilege" in the personnel files of Thompson's past employers, which may contain sensitive, private information, such as his Social Security number, familial matters, earnings, credit history, and medical information. Defendants also maintain that they have a "personal right or privilege" in the Sodexho security agreement, as Sodexho is a client of Guardsmark and the agreement may contain private information, such as a technical and physical security infrastructure, location and duty detail of security guards, and priority security areas.

The court finds Defendants' arguments to be well-taken. Defendants do have a personal right or privilege in the information sought by Plaintiff and thus, Defendants have standing to challenge Plaintiff's subpoenas.

### B. Relevance of Personnel Files

Defendants argue that Plaintiff's subpoenas seek irrelevant information. Federal Rule of Civil Procedure 45 does not include relevance as an enumerated reason for quashing a subpoena. It is well-settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34. Thus, the court must examine whether a request contained in a subpoena is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production. Federal Rule of Civil Procedure

26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). If relevance is not apparent on the face of the discovery request, the burden is on the party seeking the discovery request to show relevancy.

Plaintiff argues that "the discovery of personnel files of supervisory employees may lead to admissible evidence regarding instances where supervisors discriminated against other individuals." (Opp'n at 5, ECF No. 45.) This is insufficient. The facts at issue in this case are specific and distinct to Plaintiff's experiences with Thompson during his employment with Guardsmark. Plaintiff fails to demonstrate the necessary nexus between the information contained in Thompson's past employers' personnel files and Thompson's alleged discriminatory actions towards Plaintiff. The personnel files documenting Thompson's employment history, dating as far back as 1975, are not relevant to Defendants' employment practices in this case. Plaintiff may not undertake a fishing expedition at Thompson's expense. The court also finds that Plaintiff has failed to show the relevance of the Sodexho security agreement to the instant action. Consequently, Defendants' Motion to Quash is granted.

### C. Conclusion

For the foregoing reasons, Defendants' Motion to Quash is granted. (ECF No. 41.)

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 30, 2007